# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

CHRISTOPHER RODRIGUEZ,

    Plaintiff,

    v.

JOHN D.W. BEAMER,

    Defendant.

Case No. 6:24-cv-539-RMN

## ORDER

This cause comes before the Court for consideration without oral argument on Defendant John D.W. Beamer's Motion to Dismiss (Dkt. 34), filed May 17, 2024. Plaintiff, who is proceeding *pro se*, did not oppose the motion and the time to do so has passed.[1]

## I.  BACKGROUND

Plaintiff brings several claims under 42 U.S.C. § 1983 against Defendant, who is a Circuit Judge for Florida's Ninth Judicial Circuit. *See* Dkt. 33 ("Am. Compl.") ¶ 5. The Amended Complaint alleges that on February 6, 2024, Judge Beamer was presiding over a matter in a public courtroom. *Id*. Plaintiff was in the courtroom and attempted to record the

---

[1] With the parties' consent, this case was assigned to me to conduct all proceedings and enter judgment. Dkts. 23, 24.

proceedings "for press purposes." *Id*. For doing this, Judge Beamer found Plaintiff in contempt and ordered Plaintiff's arrest and detention. *Id*. ¶ 6.

The Amended Complaint also alleges that Judge Beamer issued a bench warrant for Plaintiff's arrest. Am. Compl. ¶ 8. Judge Beamer allegedly ordered Plaintiff's arrest because Plaintiff did not appear for a hearing in his contempt proceeding, as required. *Id*. The Amended Complaint alleges that Plaintiff did not appear because he did not receive the court's notice, which was mailed to his former residence. *Id*.

Lastly, the Amended Complaint alleges that Judge Beamer is not presiding over his contempt proceeding promptly. Am. Compl. ¶ 10. Plaintiff contends that Judge Beamer has taken no action in his contempt case in more than 175 days. *Id*.

Based on these allegations, the Amended Complaint asserts three claims: a violation of the First Amendment; a violation of the Fourth Amendment; and a violation of the Sixth Amendment. Am. Compl. ¶¶ 11–13. Plaintiff seeks a declaratory judgment that Judge Beamer's actions violated one or more of Plaintiff's constitutional rights as well as compensatory and punitive damages. *Id*. § 5 (Prayer for Relief).

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if the facts alleged do not state a plausible claim for relief. *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 679 (2009). Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564–65 (2007) (internal citations and emphasis omitted).

Although it must accept well-pled facts as true, the Court need not accept legal conclusions, threadbare recitals of elements of a cause of action, or conclusory statements. *Id*. at 678. In evaluating the sufficiency of a pleading, the Court must make reasonable inferences in Plaintiff's favor but is "not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true to test the sufficiency of plaintiff's allegations. *Id*.

Additionally, though a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972),the Court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662, 678–80.

## III.   DISCUSSION

The Court will first address Plaintiff's failure to respond to the motion and then the merits of the motion's first substantive argument, which is dispositive.

### A.   Plaintiff's Failure to Oppose the Motion

Plaintiff did not file an opposition to Defendant's motion to dismiss. Plaintiff was cautioned that failure to respond to a motion may result in the Court considering the motion to be unopposed. Dkt. 26. Local Rule 3.01(c) also contains this warning. Despite these warnings, Plaintiff did not oppose the motion. Thus, the Court treats the motion as unopposed and decides the "motion on the papers before [it]." *Woodham v. Am. Cystoscope Co. of Pelham, N. Y.*, 335 F.2d 551, 556 (5th Cir. 1964).

### B.   Defendant's Motion to Dismiss the Amended Complaint

Plaintiff's claims center on actions taken by a state court judge while the judge was presiding in a state courtroom. Defendant contends he is shielded from Plaintiff's claims by absolute judicial immunity. Dkt. 34 at 4–5. The application of the doctrine of absolute immunity is a question of law. *See Brown v. Crawford County, Ga.*, 960 F.2d 1002, 1012 (11th Cir. 1992).

As the Eleventh Circuit has explained, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all

jurisdiction.'" *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (quoting *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). A judge acts in his judicial capacity by performing normal judicial functions, either in chambers or in open court, in cases that are pending before the court. *Id*. And plaintiffs cannot use Section 1983 to circumvent this immunity or as a device to seek collateral review of a state court conviction. *Id*.

The immunity of judges from liability to damages is "solidly established." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985). The immunity applies even if the "judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Sibley*, 437 F.3d at 1067. This is so because "judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Indeed, as the Supreme Court noted many years ago, a judge "should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption." *Id*.

Courts apply a two-part test. *Stump v. Sparkman*, 435 U.S. 349, 357 & 361–62 (1978). First, did the judge act in his judicial capacity? *Id*. at 362. If so, then did the judge act in the "'clear absence of all jurisdiction.'" *Id*. at 357, 98 S.Ct. at 1105

As to judicial capacity, immunity "flows not from rank or title or 'location within the Government,' but from the nature of the responsibilities of the

individual official." *Stevens v. Osuna*, 877 F.3d 1293, 1301–02 (11th Cir. 2017) (quoting *Cleavinger*, 474 U.S. at 201). Courts apply a functional approach. *Id*. They consider factors such as (a) the need to ensure that the individual can perform his functions without harassment or intimidation, (b) the presence of safeguards that reduce the need for private damages actions as a way to control unconstitutional conduct, (c) insulation from political influence; (d) the importance of precedent, (e) the adversary nature of the process, and (f) the correctability of error on appeal. *Id*.

Judge Beamer's alleged actions fall well within the core ground covered by these factors. Judge Beamer's decision to hold Plaintiff in contempt while presiding over a matter in court establishes that the action arose directly and immediately out of his duties as a judicial officer. *See McAlester v. Brown*, 469 F.2d 1280, 1282 (1972). The alleged acts—holding a person in contempt of court, the issuance of a bench warrant, and the scheduling of matters for trial—are acts normally performed by a judge that are judicial in nature. *Stump v. Sparkman*, 435 U.S. 349, 361 (1978); *see also Mireles v. Waco*, 502 U.S. 9, 12–13 (1991) (concluding a judge was immune from liability for allegedly authorizing police officers to use excessive force to hale an attorney into courtroom); *King v. Myers*, 973 F.2d 354 (4th Cir. 1992) (holding magistrate judge was absolutely immune for directing a police officer to effect warrantless arrest); *Emory v. Peeler*, 756 F.2d 1547, 1553 (11th Cir. 1985) (state judge

questioning a juror in open court is a judicial act); *McAlester*, 469 F.2d at 1280 (state judge who issued contempt citation entitled to judicial immunity). And allegations that acts occurred in court or in connection with a court proceeding provide context for the final factor: the parties' expectations. Being in a public courtroom during an ongoing proceeding or the defendant in a contempt proceeding is strong evidence that one expects to encounter a judicial officer acting in a judicial capacity.

Given this, do the facts alleged in the Amended Complaint suggest Judge Beamer acted in "clear absence of all jurisdiction"? This phrase has been interpreted to mean immunity is precluded in only those circumstances "in which a judge acts purely in a private and non-judicial capacity," *Henzel v. Gerstein*, 608 F.2d 654, 658 (5th Cir. 1979), in a matter that is "clearly outside the judge's subject matter jurisdiction." *Dykes v. Hosemann*, 776 F.2d 942, 948 (11th Cir. 1985).

The facts alleged in the Amended Complaint make clear that Judge Beamer was not acting in a private or non-judicial capacity. He allegedly addressed Plaintiff's behavior while presiding over an ongoing court proceeding. He issued a warrant for Plaintiff's failure to appear. And he was managing his docket and the scheduling of Plaintiff's trial. *Cf. Overcash v. Shelnutt*, 753 F. App'x 741, 743 (11th Cir. 2018) (holding the application of administrative judicial-assignment rules by Florida state judges is a judicial

act entitle to immunity). Further, as a Circuit Judge in the Ninth Judicial Circuit of Florida, Judge Beamer had the authority and jurisdiction under Florida law as the presiding judge to prohibit Plaintiff from videorecording court proceedings *See, e.g.*, *Chandler v. Florida*, 449 U.S. 560, 566 (1981) (under Florida law, the judge presiding over a court proceeding controls whether a court proceeding may be recorded).[2] Judge Beamer also had jurisdiction over the claims in his court, and had not only the authority, but also the obligation, to adjudicate those claims and address the conduct of individuals in his courtroom. *See, e.g.*, *Wolfe v. Coleman*, 681 F.2d 1302, 1306 (11th Cir. 1982) (noting that, when conduct occurs in the presence of a judge and obstructs ongoing proceedings, a court may summarily adjudge a contemptor guilty of criminal contempt); *McAdams v. King*, No. 1:17-cv-21, 2017 WL 4810622, at *4 (N.D. Ala. Oct. 25, 2017) (holding hearings is a function normally performed by a judge).

As the Eleventh Circuit has said, a "judge is absolutely immune from suit in performing his judicial responsibilities." *Sun v. Forrester*, 939 F.2d 924,

---

[2] Moreover, state laws that place reasonable restrictions on the way members of the press report on court proceedings, such as those in Florida, are lawful and do not infringe on the First Amendment. *See United States v. Hasting*, 695 F.2d 1278 (11th Cir. 1983) (federal rules contain reasonable restrictions on the recording and broadcast of court proceedings, and such rules do not violate the news media's rights under the First Amendment or the defendant's right under the Sixth Amendment to a public trial).

925 (11th Cir. 1991). Judge Beamer is therefore entitled to absolute judicial immunity from all civil liability for the alleged acts. *See Drees v. Ferguson*, 396 F. App'x 656, 658–59 (11th Cir. 2010).

The Court also finds that it is unnecessary to permit Plaintiff to amend his complaint again. No amendment will cure the deficiency discussed in this order. Any amended claims brought against Judge Beamer based on the alleged judicial acts would be barred. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (where a pro se party's amendment would be futile, the district court may deny leave to amend).

## IV.  CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1.      Defendant John D.W. Beamer's Motion to Dismiss (Dkt. 34) is **GRANTED**;

2.      This action is dismissed with prejudice; and

3.      The Clerk of Court is directed to terminate all pending motions and close the case.

**DONE** and **ORDERED** in Orlando, Florida, on June 21, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record

Christopher Rodriguez, No. 540868
Osceola County Corrections
P.O. Box 9127
Seminole, Florida 33775